9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Stephon GRIFFIN, Defendant-Appellant.
 No. 92-5843.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Jane H. Jolly, Assistant United States Attorney, Thomas M. Gannon, United States Department of Justice, Washington, D.C., for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Stephon Griffin appeals the career offender sentence he received upon his guilty plea to possession of crack cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1993). He contends that the career offender provisions of the sentencing guidelines* violate the Equal Protection Clause in that they incorporate into the criminal history calculation differing state laws, under which some states classify convictions before age eighteen as adult convictions, while others classify such convictions as juvenile convictions. We affirm.
 
 
 2
 Griffin had three prior North Carolina felony convictions for possession of cocaine with intent to distribute. These offenses occurred in 1989 when he was sixteen and seventeen years old. The district court rejected his contention that consideration of these convictions to find him a career offender violated equal protection, but departed below the career offender guideline because of his substantial assistance.
 
 
 3
 Griffin's appeal of the equal protection question is foreclosed by our recent decision in United States v. Fonville, F.2d, No. 92-5509, slip op. at 8 (4th Cir. Sept. 30, 1993), in which we held that Congress need not fix a uniform age at which state convictions are considered adult convictions for federal sentencing purposes. Cf. United States v. Inglesi, 988 F.2d 500, 503 (4th Cir. 1993) (no equal protection violation in use of offenses committed prior to age eighteen for criminal history despite differing availability of state juvenile records); United States v. Lender, 985 F.2d 151, 156 n.* (4th Cir. 1993) (deference to state law concerning characteristics of prior offense does not violate equal protection).
 
 
 4
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual §§ 4B1.1, 4B1.2 (Nov. 1992)